# COURT OF APPEALS
## DECISION
## DATED AND FILED

## November 20, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1758**

Cir. Ct. No. 2017CV83

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

---

ANUSHREE MEHROTRA AND HIMANSHU SHARMA,

   PLAINTIFFS-APPELLANTS,

 V.

WILLIAM M. CAMPBELL, SANDRA A. CAMPBELL AND
RICHARD W. SCHALK,

   DEFENDANTS,

ROBERT KRECAK,

   DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Waukesha County: JENNIFER DOROW, Judge. *Reversed and cause remanded.*

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Anushree Mehrotra and Himanshu Sharma (collectively, the Sharmas) appeal from an order granting summary judgment to Robert Krecak. They contend that the circuit court erroneously exercised its discretion in concluding that their witness, James Jendusa, was not qualified to give an expert opinion, which was necessary to advance their claims against Krecak. For the reasons that follow, we reverse and remand for further proceedings.

¶2    The Sharmas are first time homeowners residing in the City of Brookfield. They purchased their home in May 2016.

¶3    Prior to their purchase, the Sharmas hired Krecak to perform a home inspection. Krecak noted some cracks in the basement walls but dismissed them as cosmetic and a normal consequence of concrete shrinkage.

¶4    After the purchase, the Sharmas observed many more cracks, most of which were not reflected in Krecak's report. They hired Jendusa to examine their home.

¶5    Jendusa is a structural engineer who has inspected over 500 basements for structural and water leakage issues. Upon examining the Sharmas' home, he opined that it had a sinking foundation. He faulted Krecak for not bringing the issue to the Sharmas' attention.

¶6    The Sharmas filed suit against Krecak, alleging breach of contract and negligence. They also sued the sellers of the home and another structural engineer; however, those claims are not part of this appeal.

¶7     Krecak eventually moved for summary judgment.  He argued that the Sharmas' sole expert witness, Jendusa, was not qualified to give an expert opinion as to the standard of care for a home inspector, which was necessary to advance the Sharmas' claims against Krecak.

¶8     Following a hearing on the matter, the circuit court granted Krecak's motion.  The court agreed that Jendusa lacked the qualifications to testify as an expert in the home inspection industry.  It noted that Jendusa had never taken a home inspection test or performed a home inspection himself.  It further noted that Jendusa had admitted in his deposition that he was unfamiliar with WIS. STAT. § 440.975 (2017-18),[1] which sets forth the standards of practice for home inspectors in Wisconsin.  Although Jendusa submitted a follow-up affidavit incorporating § 440.975 into his analysis, the court rejected it as a sham. Accordingly, it excluded Jendusa's testimony and dismissed the Sharmas' claims against Krecak.  The Sharmas now appeal.

¶9     We review de novo the grant of summary judgment, employing the same methodology as the circuit court.  *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 314-15, 401 N.W.2d 816 (1987).  Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  WIS. STAT. § 802.08(2).

¶10     The summary judgment decision in this case turned entirely on the circuit court's conclusion that Jendusa lacked the qualifications to testify as an expert in the home inspection industry.  We review a circuit court's decision to

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version.

exclude testimony under an erroneous exercise of discretion standard. ***State v. Giese***, 2014 WI App 92, ¶16, 356 Wis. 2d 796, 854 N.W.2d 687.

¶11 On appeal, the Sharmas contend that the circuit court erroneously exercised its discretion in concluding that Jendusa was not qualified to testify as an expert in the home inspection industry. They accuse the court of exceeding its gatekeeping function. We agree.

¶12 It is true that Jendusa has never taken a home inspection test or performed a home inspection himself. However, one does not have to be licensed in a profession in order to testify about its standard of care. *See **Kerkman v. Hintz***, 142 Wis. 2d 404, 423, 418 N.W.2d 795 (1988). Rather, one simply has to be qualified as an expert in the area in which the testimony will be given. ***Id.***; *see also **Green v. Rosenow***, 63 Wis. 2d 463, 471, 217 N.W.2d 388 (1974) ("It is the particular qualifications of the witness in relation to the particular issue which should control rather than the label of a profession or trade." (quoting ***Roberts v. State***, 41 Wis. 2d 537, 551, 164 N.W.2d 525 (1969))).

¶13 Here, the record establishes that Jendusa was qualified as an expert in the home inspection industry. As noted in his affidavit, Jendusa is the author of standards adopted by the State of Wisconsin in its code for foundation repair. He is a member of the Wisconsin Association of Home Inspectors. He has given instruction and lectures to home inspectors on how to inspect and report on basement walls. He has also been asked to sit on an arbitration panel to review claims of negligence against home inspectors and then to render an opinion as to whether they were negligent or not. Thus, his background as a structural engineer overlapped considerably with the work of home inspectors.

¶14 Although Jendusa expressed unfamiliarity with the statutory standards of practice for home inspectors at the time of his deposition, the fact that he later reviewed and incorporated them into his analysis does not render his follow-up affidavit a sham. Any initial unpreparedness on his part simply goes to the weight of his expert opinion, not its admissibility in the first instance.

*By the Court.*—Order reversed and cause remanded.

This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.